# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SMITH, an individual, individually and on behalf of a class of similarly situated persons,<br><br>                                   Plaintiff,<br>   vs.<br><br>AMERICREDIT FINANCIAL SERVICES, INC., d.b.a. ACF FINANCIAL SERVICES, INC., a business entity form unknown,<br><br>                                  Defendant. | CASE NO. 09cv1076 DMS (BLM)<br><br>**ORDER (1) GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND (2) DISMISSING CASE WITHOUT PREJUDICE**<br><br>**[Docket Nos. 13, 18]** |

      This case comes before the Court on Defendant's motion to compel arbitration and dismiss or, alternatively, stay proceedings pending completion of arbitration. Plaintiff has filed an opposition to the motion, and Defendant has filed a reply. The motion came on for hearing on December 4, 2009. John Hanson appeared for Plaintiff, and Peter Hecker appeared and argued for Defendant. For the reasons discussed below, the Court grants the motion, and dismisses this case without prejudice.

## I.
## BACKGROUND

      This case arises out of Plaintiff's purchase of a motor vehicle from McCune Motors in San Diego, California. Plaintiff financed his purchase of the car through McCune Motors, as evidenced by a Retail Installment Sale Contract ("the Contract"). (*See* Decl. of Robert Smith ("Smith Decl."),

Ex. 1.)[1] The Contract contains an Arbitration Clause, which is located at the end of the multi-page Contract. The Clause is surrounded by a border, and includes a heading that reads, "**ARBITRATION CLAUSE**." (*Id.*) Below that heading is another line that reads, "**PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS**." The Clause then reads:

> 1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
>
> 2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.
>
> 3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.
>
> Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this clause, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arise out of or relate to your credit application, purchase or condition of this vehicle, this contract, or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose one of the following arbitration organization and its applicable rules: the National Arbitration Forum, ... the American Arbitration Association, ... or any other organization that you may choose subject to our approval. You may get a copy of the rules of these organizations by contacting the arbitration organization or visiting its website. ...

(*Id.*)

After execution of the Contract, McCune Motors assigned its interest under the Contract to Defendant Americredit Financial Services, Inc. (Paterson Decl. at 3.) Plaintiff thereafter defaulted on the loan, prompting Defendant to repossess the vehicle. (Compl. at ¶ 10.) After repossession, Defendant sent Plaintiff a "Notice of Our Plan to Sell Property" ("Notice"), which reflected Defendant's intent to sell the vehicle at a private sale. (Smith Decl., Ex.2.) That Notice informed Plaintiff that he had a right to redeem the vehicle and a right to reinstate his account by paying certain

---

[1] The Court notes there are two versions of this Contract. (*Compare* Smith Decl., Ex. 1 *with* Decl. of Craig Paterson in Supp. of Mot. ("Paterson Decl."), Ex. A.) However, both versions contain the same Arbitration Clause.

1 amounts. (*Id.*) Plaintiff did not exercise either of those rights, and the vehicle was sold. (Compl. at
2 ¶ 13.)

3 Subsequently, Defendant sent Plaintiff a "Deficiency Calculation," which informed Plaintiff
4 that there remained a deficiency on the account in the amount of $5,128.77, for which he was
5 responsible. (Smith Decl., Ex. 3.) Plaintiff made some payments on the account, but there remains
6 an outstanding balance.

7 On May 18, 2009, Plaintiff filed the present class action case against Defendant alleging
8 violations of California Civil Code §§ 1788, *et seq.*, and 2981, California Business and Professions
9 Code § 17200, and a claim for declaratory relief. In essence, Plaintiff alleges the Notice does not
10 comply with the Automobile Sales Finance Act ("ASFA"), California Civil Code § 2981, *et seq.*
11 Plaintiff also alleges Defendant has violated the Rosenthal Fair Debt Collection Practices Act,
12 California Civil Code § 1788.17.

13 In response to the Complaint, Defendant filed the present motion to compel arbitration and
14 dismiss, or in the alternative, stay this case. The Court allowed the parties to take limited discovery
15 related to this motion, and it is now fully briefed and ready for disposition.

## II.

## DISCUSSION

18 Plaintiff raises five arguments in response to Defendant's motion to compel arbitration. First,
19 he argues the class action waiver in the Arbitration Clause impedes the consumer's ability to enforce
20 his rights under the ASFA. Second, he asserts the class action waiver is unconscionable. Third,
21 Plaintiff contends the ASFA's anti-waiver provisions render the class action waiver unenforceable.
22 Fourth, Plaintiff asserts the arbitration organizations identified in the Contract no longer accept
23 consumer debt claims like those at issue here. Finally, Plaintiff argues his claims for injunctive relief
24 are exempt from arbitration.

25 **A.     Statutory Rights**

26 Plaintiff's primary argument in opposition to Defendant's motion to compel arbitration is that
27 the class action waiver impedes the consumer's ability to enforce his rights under the ASFA. In
28 / / /

1  support of this argument, Plaintiff relies on *Gentry v. Superior Court*, 42 Cal. 4th 443 (2008).
2  However, *Gentry* is distinguishable from this case in two important respects.

3  First, *Gentry* involved a class action waiver in an employment agreement. The employer-
4  employee relationship is far afield from the buyer-seller relationship at issue here. In the employment
5  context, there is concern that a lawsuit against the employer "may be perceived as jeopardizing job
6  security and prospects for promotion." *Id.* at 458. The *Gentry* court described this factor as "the
7  potential for retaliation against members of the class." *Id.* at 463. Plaintiff does not address this factor
8  in these terms, but instead argues there is a possibility of "negative consequences" in filing suit against
9  the lender, specifically, attorneys fees and lower credit scores. However, lower credit scores would
10 likely be a result of the buyer's default on the loan, not the filing of a claim against the lender.
11 Furthermore, the prospect of an attorneys fee award is not retaliatory. Rather, it is a known risk to
12 both parties in the event a claim is filed.

13 The second feature that distinguishes this case from *Gentry* is the statutes at issue. In *Gentry*,
14 that statute was California Labor Code § 1194, which provides: "Notwithstanding any agreement to
15 work for a lesser wage, any employee receiving less than the legal minimum wage or the legal
16 overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid
17 balance of the full amount of this minimum wage or overtime compensation, including interest
18 thereon, reasonable attorney's fees, and costs of suit." Cal. Labor Code § 1194(a). In rejecting the
19 class action waiver in *Gentry*, the court paid considerable attention to the particular language of this
20 statute. For instance, the court found the "in a civil action" language was evidence of the Legislature's
21 intent "that employees should have direct access to a judicial forum to enforce their rights." 42 Cal.
22 4th at 465 n.8. The statute at issue here, California Civil Code § 2983.2, contains no similar language.
23 Indeed, there is no mention of how the consumer should enforce his rights under this statute. This
24 disparity in the statutory language further distinguishes this case from *Gentry*.

25 The statutory language also provides the foundation for the *Gentry* court's decision. Plaintiff
26 reads the case to apply to all cases in which statutory rights are at issue. However, the court was not
27 addressing statutory rights in the abstract. Rather, it was addressing the particular rights at issue in
28 California Labor Code § 1194. *See id.* at 450 (framing issue as "whether class arbitration waivers in

1 employment arbitration agreements may be enforced to preclude class arbitrations by employees
2 whose statutory rights to overtime pay pursuant to Labor Code sections 500 et seq. and 1194 allegedly
3 have been violated.") Although the court's discussion of this issue may extend to other statutory rights
4 cases, Plaintiff has not shown that the statutory rights at issue here warrant extending the rationale and
5 holding of *Gentry* to the facts of this case. The Court therefore rejects Plaintiff's argument that the
6 class action waiver at issue here is an unenforceable impediment to the enforcement of statutory rights.

**B.     Unconscionability**

8         The Federal Arbitration Act ("FAA") governs arbitration agreements in contracts involving
9 transactions in interstate commerce. 9 U.S.C. § 1; *Moses H. Cone Mem'l Hosp. v. Mercury Constr.*
10 *Corp.*, 460 U.S. 1, 25 n.32 (1983). Congress intended courts to construe commerce as broadly as
11 possible. *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999). Pursuant to Section 2 of the
12 FAA, arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds
13 that exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. In determining whether
14 to compel a party to arbitration, a district court may not review the merits of the dispute; rather, the
15 court must limit its inquiry to: (1) whether a valid agreement to arbitrate exists, and, if it does (2)
16 whether the agreement encompasses the dispute at issue. *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*,
17 207 F.3d 1126, 1130 (9th Cir. 2000). Finally, a court interpreting an arbitration agreement must give
18 due regard to the federal policy favoring arbitration; ambiguities as to the scope of the arbitration
19 clause are resolved in favor of arbitration. *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S.
20 52, 62 (1995); *AT & T Techs. Inc. v. Comm. Workers of America*, 475 U.S. 643, 650 (1986) ("in the
21 absence of any express provision excluding a particular grievance from arbitration . . . only the most
22 forceful evidence of a purpose to exclude the claim from arbitration can prevail.")

23         While federal policy favors arbitration agreements, federal courts rely on state law when
24 addressing issues of contract validity and enforceability. *Ticknor v. Choice Hotels Int'l, Inc.*, 265 F.3d
25 931, 936-37 (9th Cir. 2001). Thus, generally applicable contract defenses such as fraud, duress, or
26 unconscionability, may be applied to invalidate arbitration agreements without contravening Section
27 2 of the FAA. *Id.* at 937 (citing *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 686 (1996)). On
28 a motion to compel arbitration, the trial court does not determine whether the contract as a whole is

1 unconscionable. Instead, the court is limited to determining whether the arbitration clause itself is
2 unconscionable. *See Gray v. Conseco, Inc.*, No. SA CV 00-322DOC(EEX), 2000 WL 1480273 (C.D.
3 Cal. Sept. 29, 2000).

4       The unconscionability analysis begins with an inquiry into whether the contract is one of
5 adhesion. *See Armendariz v. Foundation Health Psychcare Services*, 24 Cal. 4th 83, 113 (Cal.
6 2000). An adhesion contract is a "standardized contract, which, imposed and drafted by the party
7 of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to
8 the contract or reject it." *Id.* at 113 (citation omitted). An adhesion contract is unconscionable
9 when *both* procedural and substantive unconscionability are present. *Id.* at 114. Procedural and
10 substantive unconscionability, however, "need not be present in the same degree." *Id.* When great
11 substantive unconscionability is present, less procedural unconscionability is required before the
12 agreement will be invalidated. *Id.* Finally, a party challenging an arbitration agreement has the
13 burden to prove both procedural and substantive unconscionability. *Crippen v. Central Valley RV*
14 *Outlet, Inc.*, 124 Cal. App. 4th 1159, 1165 (2004).

15     1.    Procedural Unconscionability

16       Procedural unconscionability concerns the manner in which the contract was negotiated and
17 the circumstances of the parties at that time. *A & M Produce Co. v. FMC Corp.*, 135 Cal. App. 3d
18 473, 491 (1982). The procedural element of unconscionability focuses on two factors: oppression
19 and surprise. *Id.* at 486. The oppression component arises from an inequality of bargaining power
20 of the parties to the contract and an absence of real negotiation or a meaningful choice on the part of
21 the weaker party. *California Grocers Assn. v. Bank of America*, 22 Cal. App. 4th 205, 214 (1994).
22 "Surprise involves the extent to which the terms of the bargain are hidden in a 'prolix printed form'
23 drafted by a party in a superior bargaining position." *Crippen*, 124 Cal. App. 4th at 1165 (citation
24 omitted).

25       Plaintiff raises several arguments to support his position that the Arbitration Clause is
26 procedurally unconscionable. First, he argues the Contract is a standard form contract selected by
27 McCune Motors. Defendant does not dispute this argument, but it does not advance Plaintiff's
28 / / /

position. *See id.* ("there is no general rule that a form contract used by a party for many transactions is procedurally unconscionable.")

Second, Plaintiff asserts the Contract was presented to him on a "take-it-or-leave-it" basis, (*see* Smith Decl. at ¶ 4), and he did not have an opportunity for meaningful negotiation. Defendant disputes this assertion, citing *Crippen*. In that case, the plaintiff purchased a used motor home from an RV dealership, and later brought an action against the dealership alleging the motor home was defective. The dealership moved to compel arbitration of the plaintiff's claims pursuant to an arbitration clause in the purchase contract, and the court granted the motion. In doing so, the court stated: "There is no reason in this case to conclude that plaintiff lacked power to bargain. In general, nothing prevents purchasers of used vehicles from bargaining with dealers, even though dealers use form contracts, and nothing in the record shows that plaintiff could not bargain in this case." *Id.* at 1166. Defendant argues this statement applies equally to the facts of this case, but there is one critical distinction. In *Crippen*, the plaintiff "did not introduce or rely on any evidence of the circumstances surrounding the execution of the agreement, so he could not show inequality of bargaining power, lack of negotiation, or lack of meaningful choice based on those circumstances." *Id.* at 1165. Here, by contrast, Plaintiff has submitted a declaration describing the circumstances under which he signed the Contract. According to Plaintiff, he was not provided an opportunity to read the Contract prior to signing it. (Smith Decl. at ¶ 2.) Instead, the finance person simply "held the contract flat on the desk with one hand and with the other pointed to the various places on the front of the contract for [Plaintiff] to sign that was marked in yellow." (*Id.* at ¶ 3.) Plaintiff "was not allowed to read the back of the contract [where the Arbitration Clause is located], or asked to sign anywhere on the back of the contract. The finance person did not turn the contract over at all during the signing." (*Id.*) No one pointed out the Arbitration Clause or discussed it with Plaintiff at any time. (*Id.* at ¶¶ 2-4.) These circumstances are sufficient to distinguish this case from *Crippen*, and they support a finding of oppression.

Nevertheless, Defendant argues the Arbitration Clause is not oppressive because Plaintiff had alternatives to buying a car from McCune Motors. Although this may be true, it does not negate a finding of oppression. *See Gatton v. T-Mobile USA, Inc.*, 152 Cal. App. 4th 571, 583 (2007), *cert.*

1 *denied*, ___ U.S. ___, 128 S.Ct. 2501 (2008), (rejecting "the contention that the existence of market
2 choice altogether negates the oppression aspect of procedural unconscionability.") As the *Gatton*
3 court stated: "The existence of consumer choice decreases the extent of procedural unconscionability
4 but does not negate the oppression and obligate courts to enforce the challenged provision regardless
5 of the extent of substantive unfairness." *Id.*

6 Oppression, however, is only one factor in the procedural unconscionability analysis. The
7 other factor is surprise, and on this factor, Plaintiff asserts the Arbitration Clause was hidden in the
8 lengthy form contract. Defendant disputes this assertion, and points out that the Arbitration Clause
9 is located within a box entitled "**ARBITRATION CLAUSE**," under which reads "**PLEASE**
10 **REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS**." However, the border and
11 heading typeface do not change the location of the Arbitration Clause, which is found at the end of
12 the Contract. They also do not dispute Plaintiff's assertion that he "did not know there was any
13 arbitration clause until [his] attorney told [him] Americredit is trying to force arbitration." (Smith
14 Decl. at ¶ 3.) Based on this evidence, the Court finds Plaintiff has demonstrated surprise. Combined
15 with the finding of oppression, Plaintiff has shown the Arbitration Clause is procedurally
16 unconscionable.

17        2.      Substantive Unconscionability

18 To avoid enforcement of the Arbitration Clause, however, Plaintiff also must establish
19 substantive unconscionability. Plaintiff argues the Arbitration Clause is substantively unconscionable
20 because it includes a waiver of class action rights. This issue is governed by *Discover Bank v.*
21 *Superior Court*, 36 Cal. 4th 148 ( 2005).

22 In *Discover Bank,* defendant, a credit card company, sent an arbitration agreement (as an
23 amendment to its existing customer service agreement) in a "bill stuffer" along with its customers'
24 monthly invoices. The arbitration agreement included a waiver of classwide arbitration. The plaintiffs
25 later initiated a class action lawsuit, and Discover Bank moved to compel arbitration. The California
26 Supreme Court held that a waiver of classwide arbitration in a consumer contract of adhesion may be
27 unconscionable under certain circumstances. Specifically, the court concluded:

28

> We do not hold that all class action waivers are necessarily unconscionable. But when the waiver is found in a consumer contract of adhesion in a setting in which disputes between the contracting parties predictably involve small amounts of damages, and when it is alleged that the party with the superior bargaining power has carried out a scheme to deliberately cheat large numbers of consumers out of individually small sums of money, then, at least to the extent the obligation at issue is governed by California law, the waiver becomes in practice the exemption of the party "from responsibility for [its] own fraud, or willful injury to the person or property of another." (Civ. Code, § 1668.) Under these circumstances, such waivers are unconscionable under California law and should not be enforced.

*Discover Bank*, 36 Cal. 4th at 162-63.

Accordingly, under *Discover Bank*, arbitration provisions that contain class action waivers are not *per se* unconscionable. Instead, a class action bar is unconscionable only if three factors are present: (1) the class action waiver is contained in a consumer contract of adhesion, (2) in which small amounts of damages are at issue, and (3) it is alleged that the party with the superior bargaining power has carried out a scheme to deliberately cheat large numbers of consumers out of individually small sums of money. *Shroyer v. New Cingular Wireless Services, Inc.*, 498 F.3d 976, 983 (9th Cir. 2007) (citations omitted). As discussed above, the Arbitration Clause is a contract of adhesion. The Court addresses the other factors below.

The first factor is the amount of damages at issue. Plaintiff characterizes the amount at issue as the amount he paid toward the deficiency for which he seeks restitution. He does not identify the exact amount, but asserts that it is "little." (Opp'n at 21.) This unsupported assertion, however, does not satisfy Plaintiff's burden to prove that the Arbitration Clause is substantively unconscionable.

In contrast, Defendant asserts the amount of damages at issue is in this case is the amount of the deficiency, which is $5,128.77. (*See* Paterson Decl., Ex. C.) According to Defendant, that amount is not small enough to satisfy the *Discover Bank* standard. Although the courts have not defined "what constitutes a 'small' amount of damages[,]" *Dalie v. Pulte Home Corp.*, 636 F.Supp.2d 1025, 1029 (E.D. Cal. 2009), no court has found that the amount at issue here, more than $5,000, falls within that definition. Indeed, in most cases this factor is satisfied by damages below $500. *See Laster v. AT&T Mobility LLC*, 584 F.3d 849, 855 (9th Cir. 2009) ($30.22); *Shroyer*, 498 F.3d at 984 ($59.99); *Gatton*, 152 Cal. App. 4th at 587 ($200); *Discover Bank*, 36 Cal. 4th at 154 ($29). In light of these cases, the Court finds this case does not satisfy the second prong of *Discover Bank*.

1    The final factor is whether Plaintiff has alleged "that the party with the superior bargaining power has carried out a scheme to deliberately cheat large numbers of consumers out of individually small sums of money[.]" *Discover Bank*, 36 Cal. 4th at 162-63. Plaintiff does not address this factor, other than to state that he "satisfies" it. (Opp'n at 19.) As with the second factor, however, this bald assertion does not satisfy Plaintiff's burden of proof.

Furthermore, Plaintiff's focus on the actions of Defendant misses the mark. *Discover Bank* asks whether "*the party with the superior bargaining power* has carried out a scheme to deliberately cheat large numbers of consumers out of individually small sums of money[.]" 36 Cal. 4th at 162-63 (emphasis added). Here, the parties to the Contract were Plaintiff and McCune Motors, not Defendant Americredit Financial Services, Inc. To the extent that either of them had superior bargaining power in negotiating the Contract, it would have been McCune Motors, not Defendant. Yet, Plaintiff failed to name McCune Motors as a defendant in this case, much less allege that it "carried out a scheme to deliberately cheat large numbers of consumers out of individually small sums of money[.]" *Id.* Although Plaintiff asserts in his opposition brief that Defendant has "evince[d] a deliberate intent to exculpate itself from wrongdoing on a wide scale[,]" (Opp'n at 20), there is no allegation that it did so through execution of the Contract at issue here. Rather, Plaintiff attacks Defendant's practice of enforcing arbitration clauses when they exist. However, there is no evidence that all of Defendant's contracts contain an arbitration clause. Indeed, in forty percent of its contracts, there is no arbitration clause whatsoever. (*See* Hanson Decl., Ex. 2 at 6-7.) Thus, even if the Court were to consider Defendant's conduct, Plaintiff fails to satisfy the third prong of the *Discover Bank* test.

Although Plaintiff has shown the Contract at issue is procedurally unconscionable, he has not shown that the Arbitration Clause is substantively unconscionable. Absent this showing, the Arbitration Clause is not unconscionable.

**C.    Anti-waiver Provisions**

Next, Plaintiff argues the ASFA contains an anti-waiver provision, therefore the class action waiver is void. In support of this argument, Plaintiff relies on California Civil Code §§ 2983.7(a) and (c). These Sections state:

No conditional sale contract shall contain any provision by which:

>(a) The buyer agrees not to assert against the seller a claim or defense arising out of the sale or agrees not to assert against an assignee such a claim or defense. ...
>
>(c) The buyer waives any right of action against the seller or holder of the contract or other person acting on his behalf, for any illegal act committed in the collection of payments under the contract or in the repossession of the motor vehicle.

Cal. Civ. Code §§ 2983.7(a), (c). However, the class action waiver does not fall within either of these provisions. Although the waiver prevents Plaintiff from pursuing a class action, it does not waive Plaintiff's rights to pursue a claim against Defendant. Plaintiff is free to do so, but according to the terms of the Contract, he must submit his claims to arbitration on an individual basis rather than pursue them in court, as a class action or otherwise. Accordingly, this argument does not warrant denial of the motion.

**D.  Arbitration Organizations**

Plaintiff's additional argument that the arbitration organizations identified in the Arbitration Clause are no longer accepting consumer debt claims like the ones at issue here is, likewise, unpersuasive. As stated in the Arbitration Clause, the National Arbitration Forum and the American Arbitration Association are not the only organizations to which Plaintiff may submit his claims. Rather, Plaintiff may submit his claims to any other organization, subject to Defendant's approval. Accordingly, this argument does not warrant denial of the motion.

**E.  Injunctive Relief**

Finally, Plaintiff asserts that his claims for injunctive relief are not arbitrable, citing *Broughton v. Cigna Healthplans*, 21 Cal. 4th 1066 (1999), and *Cruz v. Pacificare Health Systems, Inc.*, 30 Cal. 4th 303 (2003). In *Cruz*, the court held that claims for injunctive relief under California Business and Professions Code § 17200 are not arbitrable if they are "designed to prevent further harm to the public at large rather than to redress or prevent injury to a plaintiff." 30 Cal. 4th at 316. Defendant argues Plaintiff's claims do not fit within this category as they are not intended to benefit the general public, but rather are limited to those people against whom Defendant has asserted a deficiency claim arising out of the repossession and sale of a motor vehicle. The Court agrees with Defendant, and thus rejects Plaintiff's argument that his claims for injunctive relief are exempt from arbitration.

/ / /

/ / /

1  ///

## III.
## CONCLUSION AND ORDER

For these reasons, the Court grants Defendant's motion to compel arbitration, and dismisses this case without prejudice.

**IT IS SO ORDERED**.

DATED: December 11, 2009

_____
HON. DANA M. SABRAW
United States District Judge