UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SMITH, an individual, individually and on behalf of a class of similarly situated persons,<br><br>Plaintiff,<br>vs.<br><br>AMERICREDIT FINANCIAL SERVICES, INC., d.b.a. ACF FINANCIAL SERVICES, INC., a business entity form unknown,<br><br>Defendant. | CASE NO. 09cv1076 DMS (BLM)<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION TO INTERVENE AND TO MODIFY STIPULATED PROTECTIVE ORDER**<br><br>**[Docket No. 45]** |

This case is one of several class action cases currently pending in the State of California challenging Defendant's repossession and deficiency proceedings related to financed automobiles. On December 11, 2009, this Court granted Defendant's motion to compel arbitration and dismissed this case without prejudice. Plaintiff appealed that ruling to the Ninth Circuit, where the case is currently pending.

After that appeal was filed, Steve Aho, the proposed intervenor in this case, filed a Class Action Complaint against Defendant concerning conduct similar to that at issue in the present case.[1] Mr. Aho's case was transferred to this Court pursuant to the Low Number Rule. On August 27, 2010,

---

[1] Mr. Aho and Mr. Smith are represented by the same counsel, John W. Hanson and Michael E. Lindsey.

Defendant filed a motion to dismiss the *Aho* case, which is currently pending before the Court. Ten days later, Mr. Aho filed the present motion to intervene to modify the stipulated protective order.

Mr. Aho seeks to modify the protective order so he may gain access to the discovery materials in the present case. Defendant argues Mr. Aho's motion is premature in light of the pending motion to dismiss his case, and the Court should deny the motion on that basis. The Court agrees. Federal Rule of Civil Procedure 26(d)(1) states: "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). The triggering event for a Rule 26(f) conference is a scheduling conference with the Court, and the triggering event for a scheduling conference with the Court is the filing of Answer. Defendant has not yet filed an Answer in *Aho*, and it is not required to do so until the Court rules on the pending motion to dismiss. Until that Answer is filed and the Court sets a scheduling conference, neither Mr. Aho nor Defendant is entitled to conduct discovery in that case. Accordingly, the Court denies without prejudice Mr. Aho's motion to intervene to modify the stipulated protective order in this case. Mr. Aho may renew his motion if the Court denies Defendant's motion to dismiss his case, and when the Court sets his case for a scheduling conference.

**IT IS SO ORDERED**.

DATED: November 8, 2010

_____
HON. DANA M. SABRAW
United States District Judge