# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SMITH, an individual, individually and on behalf of a class of similarly situated persons,<br><br>　　　　　　　　　　　　　　Plaintiff,<br>　vs.<br><br>AMERICREDIT FINANCIAL SERVICES, INC., d.b.a. ACF FINANCIAL SERVICES, INC., a business entity form unknown,<br><br>　　　　　　　　　　　　　　Defendant. | CASE NO. 09cv1076 DMS (BLM)<br><br>**ORDER DENYING DEFENDANT'S RENEWED MOTION TO COMPEL ARBITRATION**<br><br>[Docket No. 61] |

　　　This case comes before the Court on Defendant's renewed motion to compel arbitration. Plaintiff filed an opposition to the motion, and Defendant filed a reply. The motion came on for hearing on March 9, 2012. John Hanson and Michael Lindsey appeared for Plaintiff, and Anna McLean and Shannon Peterson appeared for Defendant. For the reasons discussed below, the Court denies the motion.

## I.
## BACKGROUND

　　　This case arises out of Plaintiff's purchase of a motor vehicle from McCune Motors in San Diego, California. Plaintiff financed his purchase of the car through McCune Motors, as evidenced by a Retail Installment Sale Contract ("the Contract"). (*See* Decl. of Robert Smith ("Smith Decl."),

/ / /

Ex. 1.) The Contract contains an Arbitration Clause, which is located at the end of the multi-page Contract. The Clause is surrounded by a border, and includes a heading that reads, "**ARBITRATION CLAUSE**." (*Id.*)  Below that heading is another line that reads, "**PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS**." The Clause then reads:

> 1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
>
> 2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.
>
> 3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.
>
> Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this clause, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arise out of or relate to your credit application, purchase or condition of this vehicle, this contract, or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose one of the following arbitration organizations and its applicable rules: the National Arbitration Forum, ... the American Arbitration Association, ... or any other organization that you may choose subject to our approval. You may get a copy of the rules of these organizations by contacting the arbitration organization or visiting its website. ...

(*Id.*)

After execution of the Contract, McCune Motors assigned its interest under the Contract to Defendant Americredit Financial Services, Inc. Plaintiff thereafter defaulted on the loan, prompting Defendant to repossess the vehicle. (Compl. ¶ 10.) After repossession, Defendant sent Plaintiff a "Notice of Our Plan to Sell Property" ("Notice"), which reflected Defendant's intent to sell the vehicle at a private sale. (Smith Decl., Ex.2.) That Notice informed Plaintiff that he had a right to redeem the vehicle and a right to reinstate his account by paying certain amounts. (*Id.*) Plaintiff did not exercise either of those rights, and the vehicle was sold. (Compl. ¶ 13.)

///

Subsequently, Defendant sent Plaintiff a "Deficiency Calculation," which informed Plaintiff that there remained a deficiency on the account in the amount of $5,128.77, for which he was responsible. (Smith Decl., Ex. 3.) Plaintiff made some payments on the account, but there remains an outstanding balance.

On May 18, 2009, Plaintiff filed the present class action case against Defendant alleging violations of California Civil Code §§ 1788, *et seq.*, and § 2981, California Business and Professions Code § 17200, and a claim for declaratory relief. In essence, Plaintiff alleges the Notice does not comply with the Automobile Sales Finance Act ("ASFA"), California Civil Code § 2981, *et seq.* Plaintiff also alleges Defendant has violated the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788.17.

In response to the Complaint, Defendant filed a motion to compel arbitration and dismiss, or in the alternative, stay this case, which the Court granted. In the order granting Defendant's motion, the Court found the arbitration agreement was procedurally unconscionable, but not substantively unconscionable. In arguing the agreement was substantively unconscionable, Plaintiff relied primarily on *Discover Bank v. Superior Court*, 30 Cal. 4th 148 (2005). This Court found *Discover Bank* did not apply to the facts of this case, therefore the agreement was not substantively unconscionable.

Plaintiff appealed that decision to the Ninth Circuit, and while that appeal was pending, the Supreme Court decided *AT&T Mobility LLC v. Concepcion*, ___ U.S. ___, 113 S.Ct. 1740 (2011). In *Concepcion*, the Court held the *Discover Bank* rule, which classified "most collective-arbitration waivers in consumer contracts as unconscionable[,]" was preempted by the Federal Arbitration Act ("FAA"). *Id.* at 1746. In light of that decision, and a subsequent decision from the California Court of Appeal, *Sanchez v. Valencia Holding Co.*, LLC, 201 Cal. App. 4th 74 (2011), the Ninth Circuit vacated this Court's order granting Defendant's motion to compel arbitration and remanded the matter for reconsideration. The present motion followed.

## II.

## DISCUSSION

Although *Concepcion* expanded the preemptive effect of the FAA, it did not affect other aspects of analyzing motions to compel arbitration. For instance, "*Concepcion* did not overthrow the

1  common law contract defense of unconscionability whenever an arbitration clause is involved.
2  Rather, the Court reaffirmed that the savings clause preserves generally applicable contract defenses
3  such as unconscionability, so long as those doctrines are not 'applied in a fashion that disfavors
4  arbitration.'" *Kilgore v. KeyBank, National Ass'n*, Nos. 09-16703, 10-15934, 2012 WL 718344, at
5  *13 (9th Cir. Mar. 7, 2012) (quoting *Concepcion*, 131 S.Ct. at 1747).  Also, *Concepcion* did not shift
6  the burden of proof: The party challenging an arbitration agreement still has the burden to prove it is
7  unenforceable.  *Crippen v. Central Valley RV Outlet, Inc.*, 124 Cal. App. 4th 1159, 1165 (2004).

8  Here, Plaintiff attempts to meet that burden by reasserting his claim that the arbitration
9  agreement is unconscionable.  As before *Concepcion*, the general concept of unconscionability under
10 California law "'has both a procedural and a substantive element, the former focusing on oppression
11 or surprise due to unequal bargaining power, the latter on overly harsh or one-sided results.'" *Kilgore*,
12 2012 WL 718344, at *13 (quoting *Armendariz v. Found. Health Psychcare Services, Inc.*, 24 Cal. 4th
13 83, 114 (2000)).

14 In ruling on Defendant's first motion to compel arbitration, this Court found the arbitration
15 agreement satisfied the two elements of procedural unconscionability: Oppression and surprise.
16 Defendant argues this finding is undermined by *Concepcion*, specifically that portion of the opinion
17 that implied most consumer contracts are contracts of adhesion. (Mot. at 3.)  However, that statement
18 did not alter the test for procedural unconscionability.  Indeed, the *Kilgore* court applied the traditional
19 test for procedural unconscionability in reviewing the district court's decision to deny the motion to
20 compel arbitration.  2012 WL 718344, at *13-14.  Because the test for procedural unconscionability
21 is the same as it was before *Concepcion*, and because the facts of this case have not changed, this
22 Court again finds the arbitration agreement at issue here is procedurally unconscionable.

23 The more pressing issue is whether the arbitration agreement is substantively unconscionable.
24 Plaintiff argues it is, and he relies primarily on *Sanchez*.  In *Sanchez*, the court determined that an
25 arbitration agreement nearly identical to the one at issue here was substantively unconscionable.
26 Specifically, the court found:

> four clauses in the arbitration provision are unconscionable. First, a party who loses
> before the single arbitrator may appeal to a panel of three arbitrators if the award
> exceeds $100,000. Second, an appeal is permitted if the award includes injunctive
> relief.  Third, the appealing part must pay, in advance, "the filing fee and other

|   |   |
|---|---|
| 1 | arbitration costs subject to a final determination by the arbitrators of a fair apportionment of costs." Fourth, the provision exempts repossession from arbitration while requiring that a request for injunctive relief be submitted to arbitration. |
| 2 | |
| 3 | 201 Cal. App. 4th at 93. |
| 4 | With respect to the first clause, the *Sanchez* court found it was one-sided in favor of the seller |
| 5 | because the buyer, not the dealer, is more likely to recover an award over $100,000 "and be satisfied |
| 6 | with it; the car dealer would appeal it." *Id.* at 95.  Relying on *Little v. Auto Stiegler, Inc.*, 29 Cal. 4th |
| 7 | 1064 (2003), and *Saika v. Gold*, 49 Cal. App. 4th 1074 (1996), the court found "there is no justification |
| 8 | for the $100,000 threshold, other than to relieve the car dealer of liability it deems excessive. ... A |
| 9 | truly bilateral clause would allow a *buyer* to appeal an award *below $100,000*." *Id.* at 96. |
| 10 | The *Sanchez* court found the same was true with respect to the ability to appeal an award of |
| 11 | injunctive relief, stating, "This type of appeal unduly burdens the buyer because the buyer, not the car |
| 12 | dealer, would be the party obtaining an injunction." *Id.* |
| 13 | Turning to the costs of an appeal, the *Sanchez* could found the arbitration agreement imposed |
| 14 | a greater burden on the buyer because it did not provide any means for determining how much the |
| 15 | buyer could afford, nor did it provide the buyer with any kind of relief from unaffordable fees. *Id.* at |
| 16 | 99-100. |
| 17 | Finally, the *Sanchez* court found the provision of the arbitration agreement that exempted |
| 18 | repossession from arbitration compared with the requirement that claims for injunctive relief be |
| 19 | arbitrated gave the seller an additional benefit. |
| 20 | The buyer has no effective self-help remedies against a car dealer, and none of the buyer's remedies is exempt.  Yet one of the most important remedies to a consumer - injunctive relief - is subject to arbitration.  While a buyer is likely to seek an injunction against a car dealer - 10 of the 15 causes of action in this case do - we cannot conceive of a situation where the dealer would be requesting that type of relief against a buyer. |
| 21 | |
| 22 | |
| 23 | *Id.* at 18. |
| 24 | Defendant argues this Court is "not bound by *Sanchez* and should not follow it." (Mot. at 8.) |
| 25 | It asserts *Sanchez*, like *Discover Bank*, is preempted by the FAA because it attempts to mandate |
| 26 | particular procedures for arbitration. (*Id.*) Specifically, Defendant contends *Sanchez* follows the |
| 27 | "vindication of statutory rights" theory set out in *Armendariz*, which theory is in "grave doubt" |
| 28 | / / / |

following *Concepcion*. (*Id.* at 9.) Defendant also claims *Sanchez* relies on a "modicum of bilaterality" concept, which the Supreme Court rejected in *Concepcion*.

However, *Sanchez* does not rely on the "vindication of statutory rights" theory in finding substantive unconscionability. In discussing that portion of the agreement that governs payment of costs for appeal, the *Sanchez* court mentions that the Consumer Legal Remedies Act confers on consumers a right that limits their responsibility to pay arbitral expenses. 201 Cal. App. 4th at 99. Yet, the court did not rely on that right in reaching its decision. Rather, the court mentioned that right in the context of explaining the one-sided nature of the arbitration agreement, *i.e.*, how requiring the appealing party to pay all costs of the appeal up front imposes a greater burden on the buyer than the seller.

Furthermore, the Court disagrees with Defendant's interpretation of *Concepcion*'s discussion of bilaterality. Defendant reads *Concepcion* as stating the Court was unconcerned that the arbitration agreement was not bilateral. However, the portion of the opinion Defendant cites concerns AT&T's right to amend the agreement. *See* 131 S.Ct. at 1744. That right to amend was unilateral in favor of AT&T, and the Court was unconcerned with that right, but the Court was not unconcerned with the issue of bilaterality, in general. As evident in *Sanchez*, that issue remains at the core of substantive unconscionability under California law, and it has not been preempted by the FAA.

Absent any persuasive reason for disregarding *Sanchez*, this Court adopts the reasoning and result of that case, finds the arbitration agreement at issue here to be substantively unconscionable, and denies Defendant's renewed motion to compel arbitration. *See Lau v. Mercedez-Benz USA, LLC*, No. CV 11-1940 MEJ, 2012 WL 370557 (N.D. Cal. Jan. 31, 2012) (adopting *Sanchez*, finding arbitration agreement unconscionable and denying defendant's motion to compel arbitration).

### III.

### CONCLUSION AND ORDER

For these reasons, the Court denies Defendant's renewed motion to compel arbitration.

**IT IS SO ORDERED**.

DATED: March 12, 2012

HON. DANA M. SABRAW
United States District Judge